**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★  SEP 0 9 2019  ★

BROOKLYN OFFICE

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

IRA KLEIMAN, as the personal representative
of the Estate of David Kleiman, and

W&K INFO DEFENSE
RESEARCH, LLC
*Plaintiffs,*


v.

CRAIG WRIGHT
*Defendant*

**MISC 19-2303**

Main Action Pending in the
United States District Court for the
Southern District of Florida
Case No.  9:18-cv-80176-BB

**DeARCY HALL, J.**

### DECLARATION OF BRENDAN J. SULLIVAN IN SUPPORT OF
### NON-PARTY BRENDAN J. SULLIVAN'S MOTION TO QUASH

BRENDAN J. SULLIVAN, declares pursuant to 28 U.S.C. § 1746 and under penalty of

perjury as follows:

1.      My name is Brendan J. Sullivan. I am over the age of 18, and I have

personal knowledge of the facts stated in this declaration. If called to testify, I would

testify competently about the facts set forth herein.

2.      I am journalist based in New York whose reporting has focused on technology

and cryptocurrency.  My work has been published in a number of outlets including Esquire,

Vice, Interview and Modern Consensus, an online news site whose mission is to cover the

technology, people, and culture of the cryptocurrency and blockchain world. In this capacity, I

have covered the pending litigation between the Estate of David Kleiman and W&K Info

Defense Research, LLC and Craig Wright.

3.      On August 26, 2019, Mr. Sullivan published an article on Modern Consensus

2

entitled "First interview with Craig Wright after judge orders him to pay $5 billion in bitcoin." A true and accurate copy of the article is attached to this Declaration as Exhibit A.

4.     The copy of this article truly and accurately reflects the observations and facts contained in it.

5.     A true and accurate copy of the subpoena I was served with is attached to this Declaration as Exhibit B.

Executed on this 9th day of September, 2019

2

# Exhibit A

9/8/2019

Case 1:19-mc-02303-LDH   Document 1-3   Filed 09/09/19   Page 4 of 26 PageID #: 9

EXCLUSIVE: First interview with Craig Wright after judge orders him to pay $5 billion in bitcoin | Modern Consensus.

HOME    CRYPTOCURRENCIES ⌄    POLITICS    REGU

# Mode
# Conse



Blockchain and Cryptocurrency

Bitcoin
**BTC**$10,416.12 ⌄-138.93 -1.32%

Ethereum
**ETH**$171.40 ⌄-0.78 -0.45%

XRP
**XRP**$0.25 ⌄-0.00270 -1.06%

Bitcoin Cash / BCC
**BCH**$291.07 ▲2.73 0.95%

Litecoin
**LTC**$65.48 ▲0.72 1.11%



Craig Wright Skyping with Modern Consensus'
Brendan Sullivan in 2018. Note the suit of armor.

About Us
Editorial policy
Comments policy
Terms & Conditions

Email Address

Subscribe

## BITCOIN

# EXCLUSIVE: First interview with Craig Wright after judge orders him to pay $5 billion in bitcoin

9/8/2019     EXCLUSIVE: First interview with Craig Wright after judge orders him to pay $5 billion in bitcoin | Modern Consensus.

HOME     CRYPTOCURRENCIES ⌄     POLITICS     REGU

in the nuts'

*By Brendan Sullivan / August 26, 2019*

A hearing in the Kleiman v. Wright case concluded Monday with the U.S. District Court for the Southern District of Florida rejecting Craig S. Wright's testimony. The judge determined that "Satoshi Nakamoto" is a partnership of three people, but awarded half of its bitcoin holdings to the Kleiman estate. Craig Wright told *Modern Consensus* he "has no choice but to hand over $5 billion in BTC."

~~Because this transfer is happening as an estate transfer valued at $5 billion, Ira Kleiman may have to dump $2 billion in BTC.~~

The court also awarded Kleiman's estate with the intellectual property associated with the Bitcoin software, but none associated with Bitcoin Cash or Craig Wright's back-to-basics Bitcoin Satoshi Vision. According to the suit, Wright and Kleiman mined these million bitcoins between 2009 and 2011, which were said to be stored in a trust called the "Tulip Trust."

Modern Consensus spoke to Wright by telephone today just after he left the Florida courtroom.

**MODERN CONSENSUS: How are ya doing?**

CRAIG WRIGHT: Been better.

**I'll just ask, what does today's ruling actually mean for Bitcoin and crypto?**

The judge won't rule on whether I'm Satoshi. But the partnership is. So when Dave Kleiman passed, the partnership transferred to Ira.

Bitcoin
**BTC**$10,416.12 ▾-138.93 -1.32%

Ethereum
**ETH**$171.40 ▾-0.78 -0.45%

XRP
**XRP**$0.25 ▾-0.00270 -1.06%

Bitcoin Cash / BCC
**BCH**$291.07 ▴2.73 0.95%

Litecoin
**LTC**$65.48 ▴0.72 1.11%

About Us
Editorial policy
Comments policy
Terms & Conditions

Email Address

Subscribe

**HOME      CRYPTOCURRENCIES ⌄      POLITICS      REGU**

BSV, it won't. But the judge ordered me to send just under 500,000 BTC over to Ira. Let's see what it does to the market. I wouldn't have tanked the market. I'm nice.

**You could flood the market with $5 billion in BTC today, but I'm guessing you won't. You have too much in progress on-chain. But what if the chain collapses? Presumably the market could tank to bad that whoever inherits his BTC would get substantially less.**

I'm just not going to do that.

**I know people think you're a miserable prick. But you once told me that you and your wife had decided that this $10 billion fortune was too much. You said you worried about what it would do for your kids.**

It's fucking scary. Now the kids are going to know that we have the other $5 billion. And it really sucks. Imagine that (laughs). I had planned to live a long time and hopefully they wouldn't know until they were older and we were gone. It could affect their whole lives.

**Not to get you in hot water with the judge, but it doesn't sound like anyone thought through what this would really mean to just hand over the keys to a huge industry.**

No one seems to get that I've made 800 patents in IP and more are coming. Just on that I could have raised a lot of money. I'm sorry, BTC, but that might be a problem. They might have to convince Ira not to dump it. I can't convince him not to dump it. Ira has to do what Ira has to do. And it wouldn't have been me. And I don't need it. He does.

f    🐦    🔊    ✉

**Bitcoin**
**BTC**$10,416.12 ▾-138.93 -1.32%

**Ethereum**
**ETH**$171.40 ▾-0.78 -0.45%

**XRP**
**XRP**$0.25 ▾-0.00270 -1.06%

**Bitcoin Cash / BCC**
**BCH**$291.07 ▴2.73 0.95%

**Litecoin**
**LTC**$65.48 ▴0.72 1.11%

About Us
Editorial policy
Comments policy
Terms & Conditions

Email Address

Subscribe

9/8/2019                        EXCLUSIVE: First interview with Craig Wright after judge orders him to pay $5 billion in bitcoin | Modern Consensus.

HOME        CRYPTOCURRENCIES ∨        POLITICS        REGU

from the Tulip Trust. But they can't force Ira to
sell. Can they?

He doesn't actually need it but he wants it. Everyone
might want to start praying, because I complied with
courts and that might get scary really, really quickly.
The courts ruled that Ira *inherited* the $5 billion. Now
he has to pay estate tax on that if he wants it.

**Whoa! The estate tax is 40%. Unless Ira has $2
billion in cash, he will have to dump 2 million BTC
to pay the taxes.**

Yeah.

[*Editor's note: Dave Kleiman died on April 26, 2013.
At the time, bitcoins traded for roughly $5.10. Thus
the amount in question was valued at just under $3
million, well below the $5 million federal estate tax
exemption that year.*]

**Sorry. I'm just running the number. How are you
feeling after all this?**

I'm fine, we're going to keep going. But I'll make sure I
keep supporting it. I can't help.

**But how will you actually get the money? We've
talked over the years and I've always tried to
respect your privacy. Just because it's none of my
business how much someone else is holding. But
now you'll have to break the Tulip Trust to
transfer the coins.**

If the court makes an order, I will comply with the
order. And the court has made an order. It's that
simple.

**So this affects the so-called "Satoshi Blocks" of
unmoved bitcoins in the blockchain. The block
rewards from when 50 bitcoins were issued for**

**Bitcoin**
**BTC**$10,416.12 ▾-138.93
-1.32%
**Ethereum**
**ETH**$171.40 ▾-0.78 -0.45%
**XRP**
**XRP**$0.25 ▾-0.00270 -1.06%
**Bitcoin Cash / BCC**
**BCH**$291.07 ▴2.73 0.95%
**Litecoin**
**LTC**$65.48 ▴0.72 1.11%

About Us
Editorial policy
Comments policy
Terms & Conditions

Email Address

Subscribe

Case 1:19-mc-02303-LDH   Document 1-3   Filed 09/09/19   Page 8 of 26 PageID #: 13

**HOME**      **CRYPTOCURRENCIES** ⌄      **POLITICS**      REGU

Not at least, just under half. Because they'll have to come out of partnership. I spent more money on the project than Dave, so I will rule on that and effectively Ira will get maybe 480,000 BTC.

**And again, shouldn't that include the BTC, BCH, and BSV and every other fork of Bitcoin? All of those had to replicate the original blockchain starting from zero.**

According to the judge it's only from before Dave died, so only BTC. Sorry BTC.

**Wow. I'm sorry. This just isn't the outcome that anybody wanted. I've even heard you tell me how you wanted to destroy BTC or BCH because they forked away from your plan. They always seemed to win out before. But this could tank the markets.**

Everyone wants to hate on me. This is the result. If you'd left me alone, I would have sat on my fucking money and you wouldn't have to worry. And the biggest whale ever has to dump because he has to pay tax. It's not a transfer. Florida has an estate tax. Trust me. This is not an outcome I would have liked. I own a lot of BTC. Dave should have owned 320,000 and I should have had 800,000 and now it's 50/50. At the end of the day, that's not a good thing for BTC.

[*Editor's note: Florida eliminated its estate tax after 2005.*]

**I know you can be a little combative but you never wished ill on the others. Yet this is beyond good and bad.**

Trust me. Everyone makes me look like a mean asshole. I might have been a prick, but I was the prick who was withholding. I could have tanked the market

**Bitcoin**
**BTC**$10,416.12 ▾-138.93 -1.32%

**Ethereum**
**ETH**$171.40 ▾-0.78 -0.45%

XRP
**XRP**$0.25 ▾-0.00270 -1.06%

Bitcoin Cash / BCC
**BCH**$291.07 ▴2.73 0.95%

**Litecoin**
**LTC**$65.48 ▴0.72 1.11%

About Us
Editorial policy
Comments policy
Terms & Conditions

Email Address

Subscribe

9/8/2019    Case 1:19-mc-02303-LDH    Document 1-3    Filed 09/09/19    Page 9 of 26 PageID #: 14

EXCLUSIVE: First interview with Craig Wright after judge orders him to pay $5 billion in bitcoin | Modern Consensus.

**HOME**    **CRYPTOCURRENCIES** ⌄    **POLITICS**    REGU

**This goes back to the original Bitcoin whitepaper and the problem of the "selfish miner." Someone could ruin the blockchain, but it would be more profitable to play by the rules and make some money along the way. Dave doesn't have a choice. He has to sell to get any value. But by selling, he could destroy the whole crypto economy. Where BTC goes, so goes the whole market. And anybody still trying to raise money with an ICO.**

Yes. And I tried to tell people and they tried to make me out to be a total prick. I sat on $10 billion and didn't touch it. And this was happens. When you find a find a gorilla, don't kick it in the nuts.

**Haha. I'm sorry to be laughing. This could be the worst day of your life.**

This is not the worst day in my life. My grandfather died, that was worse. This was just money. This is just money. Dave died, that was a worse day for me, because I lost a friend and a partner.

**Bitcoin took off while the world fell into recession in 2009. Now we're facing another one and it could take down the whole market.**

I'm the asshole who keeps inventing things that other people need. I'm not the good media personality. You think I'm gonna complain because I only get to keep $6 billion? And I'm the only surviving member of Satoshi? The judge ruled it was a partnership. I'm the asshole Satoshi. And Dave was the nice one. So have a nice day.

[*Note: A transcription error in at one point in an earlier version of this story identified Ira Kleiman as Dave Kleiman.*]

Bitcoin
**BTC**$10,416.12 ▾-138.93 -1.32%

Ethereum
**ETH**$171.40 ▾-0.78 -0.45%

XRP
**XRP**$0.25 ▾-0.00270 -1.06%

Bitcoin Cash / BCC
**BCH**$291.07 ▴2.73 0.95%

Litecoin
**LTC**$65.48 ▴0.72 1.11%

About Us
Editorial policy
Comments policy
Terms & Conditions

Email Address

Subscribe

9/8/2019

EXCLUSIVE: First interview with Craig Wright after judge orders him to pay $5 billion in bitcoin | Modern Consensus.

**HOME**     **CRYPTOCURRENCIES** ⌄     **POLITICS**     **REGL**

Craig Wright     Dave Kleiman     estate taxes

Florida     Ira Kleiman     Satoshi Nakamoto

f  🐦  📌  in  t  ⊙

f     🐦     🔊     ✉



BRENDAN SULLIVAN

🐦

Brendan Sullivan is a writer, producer, and author of the memoir Rivington Was Ours: Lady Gaga, the Lower East Side, and the Prime of Our Lives. Disclosure: he owns cryptocurrencies. Follow him on Twitter.

‹                                                              ›

## YOU MAY ALSO LIKE







**Bitcoin tycoon goofs on author, leading to $1.6 million in donations**
December 15, 2017

**Comedian accurately portrays bitcoin fanboys with painful precision**
December 21, 2017

**More pointless bitcoin price predictions are here just in time for 2018**
December 27, 2017

Bitcoin
**BTC**$10,416.12 ▾-138.93 -1.32%
Ethereum
**ETH**$171.40 ▾-0.78 -0.45%
XRP
**XRP**$0.25 ▾-0.00270 -1.06%
Bitcoin Cash / BCC
**BCH**$291.07 ▴2.73 0.95%
Litecoin
**LTC**$65.48 ▴0.72 1.11%

About Us
Editorial policy
Comments policy
Terms & Conditions

Email Address

Subscribe

Case 1:19-mc-02303-LDH   Document 1-3   Filed 09/09/19   Page 11 of 26 PageID #: 16

9/8/2019                    EXCLUSIVE: First interview with Craig Wright after judge orders him to pay $5 billion in bitcoin | Modern Consensus.

**HOME**     **CRYPTOCURRENCIES ∨**     **POLITICS**     **REGU**

♡ Recommend  1          🐦 Tweet          f Share

Sort by Best ▾

Join the discussion…

**LOG IN WITH**

f     🐦     🔊     ✉

**OR SIGN UP WITH DISQUS** ⑦

Name



**disqus_eEt4mwEjx8** • 13 days ago • edited
Lying piece of trash. I bet he can't even move those coins.
5 ∧     ∨  •  Reply • Share ›



**Cheyno Mdingi** • 13 days ago • edited
What hot garbage. Interviewer not only takes this fraud seriously, most of these interview questions sound like they could have been written by Craig himself 😄
5 ∧     ∨  •  Reply • Share ›



**Brandon Davis** ↗ Cheyno Mdingi
• 13 days ago
How?
∧     ∨  •  Reply • Share ›



**matty** • 11 days ago
The thing I think most people have missed here (but i doubt the lawyers have) is "ownership interest in the partnership's bitcoin, and any assets traceable to them"
to be clear, i'm no lawyer, but this to me easily brodens the loot to include the same coins on BSV or any forks of BTC
1 ∧     ∨  •  Reply • Share ›



**test** • 12 days ago
"The judge determined that "Satoshi Nakamoto" is a partnership of three

---

Bitcoin
**BTC**$10,416.12 ▾-138.93 -1.32%

Ethereum
**ETH**$171.40 ▾-0.78 -0.45%

XRP
**XRP**$0.25 ▾-0.00270 -1.06%

Bitcoin Cash / BCC
**BCH**$291.07 ▴2.73 0.95%

Litecoin
**LTC**$65.48 ▴0.72 1.11%

About Us
Editorial policy
Comments policy
Terms & Conditions

Email Address

Subscribe

9/8/2019    Case 1:19-mc-02303-LDH   Document 1-3   Filed 09/09/19   Page 12 of 26 PageID #: 17

EXCLUSIVE: First interview with Craig Wright after judge orders him to pay $5 billion in bitcoin | Modern Consensus.

**HOME    CRYPTOCURRENCIES ⌄    POLITICS    REGL**

The Judge determined -nothing- of the damn sort. Verbatim:

*"..the Court is not required to decide, and does not decide, whether Defendant Dr. Craig Wright is Satoshi Nakamoto, the inventor of the Bitcoin cybercurrency (...) For purposes of this proceeding, the Court accepts Dr. Wright's representation that he controlled (directly or indirectly) some bitcoin.."*

That was literally the FIRST POINT made, and that for good reason. NOWHERE is there a determination, 'Satoshi' is a partnership, single entity or alien ayylmao. Kindly STOP spreading nChain bull, thanks.

1 ∧    ∨  •  Reply • Share ›



**ecoinomist** • 13 days ago

What a load of trash, you state Ira has to dump 2M BTC (cannot even be a typo), which would be 4x the amount he is owed. Still, his tax bill from this will be exactly $0, as the Tullip Trust does not exist except for inside the fraud that is CSW's head

1 ∧    ∨  •  Reply • Share ›



**Andy** • 13 days ago

So now he is big lover of BTC ? I thought that he will sell every BTC in 2020 for charity and to support other (BSV) projects.

1 ∧    ∨  •  Reply • Share ›



**Brandon Davis** ↗ Andy • 13 days ago

Lover of BTC? No he hates BTC...

∧    ∨  •  Reply • Share ›



**philip** • 11 days ago

This isn't journalism, this is PR. Wonder how much Craig paid for this "interview"?

1 ∧    ∨  •  Reply • Share ›



**matty** • 5 days ago

Wow, this article did not age well...
"If the court makes an order, I will comply with

---

f    y    ⌐    ✉

**Bitcoin**
**BTC**$10,416.12 ▾-138.93 -1.32%

**Ethereum**
**ETH**$171.40 ▾-0.78 -0.45%

**XRP**
**XRP**$0.25 ▾-0.00270 -1.06%

**Bitcoin Cash / BCC**
**BCH**$291.07 ▴2.73 0.95%

**Litecoin**
**LTC**$65.48 ▴0.72 1.11%

About Us
Editorial policy
Comments policy
Terms & Conditions

Email Address

Subscribe

∧

*
Case 1:19-mc-02303-LDH   Document 1-3   Filed 09/09/19   Page 13 of 26 PageID #: 18

9/8/2019          EXCLUSIVE: First interview with Craig Wright after judge orders him to pay $5 billion in bitcoin | Modern Consensus.

**HOME       CRYPTOCURRENCIES ⌄       POLITICS       REGL**

quickly.... an well, its Craig....

∧   ⌄  •  Reply  •  Share ›



**Andy Soze** • 12 days ago

Oh my god! Craig mak3 me sooo sick and want to puke at him! The man is a liar!!! Im sooooo glad he will not be getting any coins at all!!

∧   ⌄  •  Reply  •  Share ›



**Molnár Krisztlán** • 12 days ago

Nothing to dump on the market, because there are no coins. Or if there are, they don't have the keys to access them. It's a scam, together with this interview. Don't believe a word.

∧   ⌄  •  Reply  •  Share ›



**UltraRik** • 13 days ago

no video?

∧   ⌄  •  Reply  •  Share ›

‹



**Dave Dann** • 13 days ago

The market will buy it up

∧   ⌄  •  Reply  •  Share ›

›



**Chef** ↗ Dave Dann • 13 days ago

The moment those coins move you will see panic. At the moment no one believes Tulip Trust etc exists, as soon as those coins move you will start to see panic.

2 ∧   ⌄  •  Reply  •  Share ›

About Us
Editorial policy
Comments policy
Terms & Conditions
Privacy Policy
Advertising
Newsletter



**John** ↗ Chef • 12 days ago

you're still new here. ... Craig

Editor: Lawrence Lewitinn General Manager, Advertising: Kevin Sanders – 201-724-0340



Case 1:19-mc-02303-LDH   Document 1-3   Filed 09/09/19   Page 14 of 26 PageID #: 19

**HOME**     **CRYPTOCURRENCIES** ⌄     **POLITICS**     REGU

- California Globe
- New Jersey Globe
- Rock and Roll Globe
- Book and Film Globe
- Fine Art Globe

About Us | Editorial policy | Comments policy | Terms & Conditions |
Privacy Policy | Advertising | Newsletter          © 2019 Modern Consensus

‹                                                                          ›

About Us
Editorial policy
Comments policy
Terms & Conditions
Privacy Policy
Advertising
Newsletter

⌃

# Exhibit B



AO 88A (Rev 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | | |
|---|---|---|
| IRA KLEIMAN, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   9:18-CV-80176-BB |
| CRAIG WRIGHT | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:              BRENDAN JAY SULLIVAN

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Roche Freedman LLP<br>185 Wythe Avenue, F2<br>Brooklyn, NY 11249 | Date and Time:<br>09/10/2019 10:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographically and Videographically

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

### SEE ATTACHED SCHEDULE A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/27/2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Velvel (Devin) Freedman |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Ira Kleiman et. al.
, who issues or requests this subpoena, are:
Devin Velvel Freedman, Roche Freedman LLP, 200 S Biscyane Blvd, Suite 5500, Miami FL 33131

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 9:18-CV-80176-BB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISRICT OF FLORIDA**

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC | Case No. 9:18-cv-80176-BB |
| | The Honorable Beth Bloom |
| Plaintiffs, | The Honorable Bruce E. Reinhart |
| v. | **PLAINTIFFS' SUBPOENA FOR BRENDAN JAY SULLIVAN** |
| CRAIG WRIGHT | |
| Defendant | |

YOU ARE HEREBY COMMANDED, pursuant to Fed. R. Civ. P. 45, to produce the documents and things designated herein for inspection at Roche Freedman LLP, 185 Wythe Avenue F2, Brooklyn, NY 11249, or such other place as is mutually agreed upon between You and counsel for Plaintiffs, by September 10, 2019 as provided under the Federal Rules of Civil Procedure. This subpoena for documents, including each individual Request for Documents (collectively, the "Requests"), shall be read and interpreted in accordance with the definitions and instructions identified below.

**DEFINITIONS AND INSTRUCTIONS**

Plaintiffs incorporate by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure, and for purposes of this Subpoena, the following instructions and definitions shall apply:

1. The singular of each word shall be construed to include its plural and vice-versa, and the root word and all derivations (*e.g.*, "ing," "ed") shall be construed to include each other. The words "and" as well as "or" shall be construed both conjunctively and disjunctively.

2. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

3.      The term "Craig Wright" and/or "Defendant" shall mean Defendant Craig Wright and any Person or Trust (as defined herein) of which (a) Craig Wright is an owner, shareholder, member, manager, director, officer, trustee, employee, or beneficiary of ("CSW Persons/Trusts"), or that (b) is controlled by Craig Wright or any CSW Persons/Trusts.

4.      "Person" or "persons" shall mean each and every individual, corporation, partnership, joint venture, social or political organization, or any other entity, incorporated or unincorporated, or encompassed within the usual and customary meaning of "person" or "persons."

5.      The term "trust" shall include any arrangement, entity, vehicle, agreement, deed, or relationship, in any jurisdiction, where the person with title or control over property has duties to deal with it for another's benefit. Due to variances in various jurisdictions' laws, this definition should not be given an overly formalistic construction, but a liberal one. It should include any arrangement bearing a similarity to a "trust," and any such arrangement you (or others) have actually referred to as a "trust."

6.      The term "concerning" means "relating to," "referring to," "describing," "evidencing" or "constituting."

7.      The terms "document" or "documents" shall mean any written, typewritten, handwritten, printed, graphic, photographic, electronic or recorded materials, including, but not limited to the following: correspondence and drafts of correspondence; e-mails; SMS messages; Whatsapp messages; Signal messages; Twitter DMs; Facebook messages; any other form of messages or communications; notes or summaries of conversations; forms; schedules or worksheets; memoranda; reports; comments; worksheets; plans; minutes; notes; notices or notifications; findings; brochures; circulars; bulletins; advertisements; records; summaries or other reports of conferences, meetings, visits, surveys, discussions, inspections, and

2

examinations; journals; logs; ledgers; balance sheets; profit and loss statements; purchase orders; quotations; estimates; invoices; bids; receipts; pledge commitments; acknowledgments; credit memoranda; contract or lease offers or proposals; income tax returns; check stubs (front and back); sales vouchers or records; executed or proposed agreements; contracts; deeds; franchise agreements; licenses; leases; insurance policies and riders or options; proposals; diaries; desk calendars; appointment books; evaluations; applications; telephone call books, notes or records; affidavits, deposition transcripts, statements or summaries or excerpts thereof; stenographic notes; financial data; newspaper or magazine articles; pamphlets; books; texts; notebooks; magazines; manuals; publications; notepads; tabulations; data compilations; calculations; or computations; schedules; drafts; charts and maps; forecasts and projections; feasibility studies; drawings, designs, plans, specifications; graphs, blueprints, sketches, or diagrams; printouts or other stored information from computers or other information retention or processing systems; hard drives, USB drives, disks, CD's, DVD's, tapes, videotapes; photographic matter or sound reproduction matter however produced, reproduced or stored; computer data of any kind whatsoever; any exhibits, attachments, or schedules to or with the foregoing; any drafts of the foregoing; any of the foregoing that exist in a form by which they are protected by computer encryption; any copies or duplicates of the foregoing that are different because of marginal or handwritten notations, or because of any markings thereon; the inclusion of specific examples within any individual request does not limit the definition provided herein and should be viewed as merely as examples meant to facilitate production.

8.     "Copy" when used in reference to a document means any color, or black and white facsimile reproduction of a document, regardless of whether that facsimile reproduction is made by means of carbon papers, pressure sensitive paper, xerography or any other means of process.

3

9.     "Communication" and "communicate" shall mean any recordation, exchange or transfer of information, whether in writing, audio, oral or other form, including, but not limited to, memoranda or notes, telephone conversations and meetings, letters, telegraphic and telex communications, email communications, SMS messages, Twitter DMs, Facebook messages, Whatsapp messages, Signal messages, any other form of messages or communications, blogs, voicemails, and includes all information relating to all oral or written communications and "documents" (as herein above defined), whether or not such document, or information contained herein was transmitted by its author to any other person; the inclusion of specific examples within any individual request does not limit the definition provided herein and should be viewed as merely as examples meant to facilitate production.

10.     A draft of a non-identical copy is considered a separate document.

11.     The terms "electronically stored information" and "ESI" are defined to be synonymous in meaning and equal in scope to the usage of "electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).   "ESI" includes data on all servers, including IP addresses, MAC addresses, active data, archived data, deleted data, and legacy data, as well as data on removable electronic media and in any other location where documents relevant to the Requests may be found.

12.     "Person" or "persons" shall mean each and every individual, corporation, partnership, joint venture, social or political organization, or any other entity, incorporated or unincorporated, or encompassed within the usual and customary meaning of "person" or "persons."

13.     "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on the behalf of another.

4



14. "Date" shall mean the exact day, month and year if ascertainable or, if not, the best approximation, including relationship to other events.

15. The term "materials" shall mean (1) the elements, constituents, or substances of which something is composed or can be made; something (as data) that may be worked into a more finished form (2) apparatus necessary for doing or making something; (3) The substance or substances out of which a thing is or can be made; and/or (4) Tools or apparatus for the performance of a given task.

16. The terms "You" and "Your" shall mean and refer to Brendan Jay Sullivan.

17. The term "including" shall be construed as "including, but not limited to."

18. When referring to a person, "to identify" means to give, to the extent known, the person's full name and present or last known address.

19. The term "trust" shall include any arrangement, entity, vehicle, agreement, deed, or relationship, in any jurisdiction, where the person with title or control over property has duties to deal with it for another's benefit. Due to variances in various jurisdictions' laws, this definition should not be given an overly formulistic construction, but a liberal one. It should include any arrangement bearing a similarity to a "trust," and any such arrangement you (or others) have actually referred to as a "trust."

20. Any reference to a person that is a business entity and is not otherwise defined includes that person's predecessors (including any pre-existing person that at any time became part of that entity after merger or acquisition), successors, parents, divisions, subsidiaries, affiliates, franchisors and franchisees; each other person, directly or indirectly owned or controlled by any of them; each partnership or joint venture to which any of them is a party; all present and former directors, officers, employees, agents, consultants, controlling shareholders

(and any entity owned by any such controlling shareholder), and attorneys of any of them; and any other person acting for or on behalf of any of them.

21.     Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware.

22.     Pursuant to Rule 45(e)(1)(a) of the Federal Rules of Civil Procedure, documents shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each document's custodian(s)), or (b) segregated as responsive to a specific Request enumerated in these Requests, with such specific Request identified.

23.     If you file a timely objection to any portion of a Request, definition, or instruction, provide a response to the remaining portion.

24.     The relevant period for these requests is January 1, 2006 to the time of the response to this subpoena. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any of the Requests.

25.     The terms defined above and used in each of the Requests should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with the Federal Rules of Civil Procedure.

## DOCUMENTS TO BE PRODUCED

**REQUEST 1.** Copies of all emails, communications, and documents between you and Craig Wright.

**REQUEST 2.** Copies of any and all recordings, notes, or other record made of any interview or meeting with Craig Wright, this includes, but is not limited to, the August 26, 2019 interview memorialized in the article: *First interview with Craig Wright after judge orders him to pay $5 billion in bitcoin,* published August 26, 2019 at https://modernconsensus.com/cryptocurrencies/bitcoin/exclusive-interview-with-craig-wright-just-after-ordered-to-pay-5-billion-in-bitcoin/

**REQUEST 3.** All drafts of the article: *First interview with Craig Wright after judge orders him to pay $5 billion in bitcoin,* published August 26, 2019 at https://modernconsensus.com/cryptocurrencies/bitcoin/exclusive-interview-with-craig-wright-just-after-ordered-to-pay-5-billion-in-bitcoin/

**REQUEST 4.** All communications and documents related to the and publication, and interview memorialized in: *First interview with Craig Wright after judge orders him to pay $5 billion in bitcoin,* published August 26, 2019 at https://modernconsensus.com/cryptocurrencies/bitcoin/exclusive-interview-with-craig-wright-just-after-ordered-to-pay-5-billion-in-bitcoin/

Dated August 27, 2019

Respectfully submitted,

*s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
ROCHE FREEDMAN LLP
200 S. Biscayne Blvd., Suite 5500
Miami, Florida 33131
Telephone: (305) 753-3675
vel@rochefreedman.com

Kyle W. Roche, Esq.
*Admitted Pro Hac Vice*
ROCHE FREEDMAN LLP
185 Wythe Avenue F2
Brooklyn, NY 11249
Telephone: (929) 457-0050
kyle@rochefreedman.com

*Counsel to Plaintiffs Ira Kleiman as Personal*
*Representative of the Estate of David Kleiman and*
*W&K Info Defense Research, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 27, 2019, a true and correct copy of the foregoing was served on all counsel of record via email.

*/s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman

8