

September 16, 2019

**BY ECF**

The Honorable LaShann DeArcy Hall
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE: *Ira Kleiman et al. v. Craig Wright*, No. 1:19-mc-02303-LDH (E.D.N.Y.)

Dear Judge DeArcy Hall:

We act as counsel for Plaintiffs in the above captioned matter, and write to request a 21-day extension to respond to Brendan Sullivan's Motion to Quash Subpoena. (*See* Dkt. 1.)

Mr. Sullivan's motion is governed by Rule 45(d)(3). (*See* Dkt. 1-4, at 1.) It was served on Plaintiffs electronically via ECF and email on September 9, 2019. (*See* Dkt. 1-2, at 2.) Accordingly, pursuant to Local Rule 6.1(a) and Federal Rule of Civil Procedure 6(d), Plaintiffs have until September 19 to respond. *See* Local Civ. Rule 6.1(a) ("On all motions and applications under Fed. R. Civ. P. 26 through 37 inclusive and 45(d)(3), . . . any opposing affidavits and answering memoranda of law shall be served within seven days after service of the moving papers . . . ."); *Am. Fed'n of Musicians of the U.S. & Can. V. Sony Music Entm't, Inc.*, No. 15-CV-05249 (GBD) (BCM), 2016 WL 3031029, at *2 n.6 (S.D.N.Y. May 2, 2016) ("Fed. R. Civ. P. 6(d) grants parties who are served electronically an additional three days" to respond.).

Because that deadline has not yet passed, Plaintiffs' request for an extension is governed by Federal Rule of Civil Procedure 6(b)(1)(A), which allows "a court to extend a party's time to move for good cause." *Go v. Rockefeller Univ.*, No. 04 Civ. 4008(JSR)(HBP), 2013 WL 3816700, at *4 (S.D.N.Y. July 19, 2013); *see also Kernisant v. City of N.Y.*, 225 F.R.D. 422, 431 (E.D.N.Y. 2005) (holding Rule 6(b)(1)(A) applied where "Plaintiff's counsel filed the request for an extension of time 'before the expiration of the period originally prescribed'"). "Good cause is usually not difficult to show," *Jenn-Ching Luo v. Baldwin Union Free Sch. Dist.*, No. 12-CV-3073(JS)(AKT), 2014 WL 3943099, at *4 (E.D.N.Y. Aug. 12, 2014), and "an application for the enlargement of time under [Rule 6(b)(1)(A)] normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party," *Kernisant*, 225 F.R.D. at 431 (quoting C. Wright, A. Miller, M. Kane, *Fed. Prac. & Proc.* § 1165 (2d ed. 1986)). Additionally, a party who moves before a deadline for an extension is not required to demonstrate "excusable neglect." *Compare* Fed. R. Civ. P 6(b)(1)(A), *with* Fed. R. Civ. P. 6(b)(1)(B); *see also Garza v. Cervantes*, No. 14 C 923, 2015 WL 468748, at *3 (N.D. Ill. Feb. 3, 2015) ("Garza should have sought an extension before the December 22, 2014 deadline had expired; this would have given her the benefit of the more lenient standard for extensions under Rule 6(b)(1)(A) and relieved her of the obligation to show excusable neglect.").



Plaintiffs respectfully request an extension pursuant to this provision. Lead Counsel for Plaintiffs left their old firm, and immediately undertook an arbitration trial for another matter at their new firm. *Cf. Lopez v. Delta Int'l Mach. Corp.*, No. CIV 15-0193 JB/GBW, 2017 WL 3142028, at *48 (D.N.M. July 24, 2017) (extension appropriate, where attorney left old firm and work was interrupted by holidays). Furthermore, lead counsel's daughter was born last month and he is still dealing with the personal and professional complications that starting a new practice and having a new child bring. *Johnson v. Gudmundsson*, 35 F.3d 1104, 1111 (7th Cir. 1994) ("As the district court noted, counsel's family problems almost certainly would have been justification for an extension of filing deadlines, if sought prospectively."). These circumstances, along with other professional and personal obligations of counsel, have made it difficult to fully evaluate and analyze the issues raised in Mr. Sullivan's motion.

This extension is especially warranted as Mr. Sullivan's motion attaches a sworn statement authenticating the interview he was subpoenaed to authenticate.[1] Thus, Plaintiffs must now review this sworn statement, their trial strategy, and the surrounding law to determine if the sworn statement will satisfy the purposes Mr. Sullivan was subpoenaed for and thereby moot this entire proceeding.

This is the first extension Plaintiffs have sought, an extension will not affect any other scheduled dates in this proceeding, and it will certainly not prejudice Mr. Sullivan.[2]

Sincerely,

  /s/ Joseph Delich
Joseph Delich
ROCHE FREEDMAN LLP
185 Wythe Avenue F2
Brooklyn, New York 11249
jdelich@rochefreedman.com
*Counsel for Plaintiffs*

---

[1] Mr. Sullivan's counsel called Plaintiffs' counsel shortly after receiving the subpoena. Plaintiffs' counsel immediately offered to narrow the subpoena to have Mr. Sullivan simply (i) appear for a deposition to confirm, under oath, the statements attributed to Craig Wright in the interview were made by Craig Wright and are accurate; and (ii) provide a copy of any recording of the interview (or a sworn statement that no such recording exists). This narrowing was not sufficient for Mr. Sullivan, who has now, instead, filed a sworn declaration authenticating the interview.

[2] Mr. Sullivan, through his counsel, has consented to a 14-day extension, but not to a 21-day extension. His basis for not consenting to a 21-day extension is that he would like this matter to be resolved as soon as possible.