UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

IRA KLEIMAN, as the personal representative
of the Estate of David Kleiman, and

W&K INFO DEFENSE
RESEARCH, LLC
    *Plaintiffs,*

v.

CRAIG WRIGHT
    *Defendant*

Case No. 1:19-mc-02303-LDH

Main Action Pending in the
United States District Court for the
Southern District of Florida
Case No. 9:18-cv-80176-BB

---

### REPLY IN SUPPORT OF BRENDAN J. SULLIVAN'S
### MOTION TO QUASH SUBPOENA

Defendant's Opposition overemphasizes the relevance of and need for journalist Brendan J. Sullivan's testimony in the underlying matter, fails to establish that the information sought is not available from other sources, and fails to establish that the declaration already provided by Mr. Sullivan is insufficient. Defendant has the burden of proving the "materials at issue are ( 1) 'of likely relevance to a significant issue in the case' and (2) "are not reasonably obtainable from other available sources." *In re McCray, Richardson, Santana, Wise, Salaam Litig.*, 991 F. Supp. 2d 464, 469 (S.D.N.Y. 2013). Defendant has not and cannot do so, and the subpoena should be quashed.

**I.    Sullivan's Newsgathering Materials Are Not of Likely Relevance to Any Significant Issue in the Underlying Action.**

The contents of Brendan Sullivan's interview with Craig Wright are not of likely relevance in the underlying action. Plaintiffs interpret Wright's statement that he "could have tanked the market anytime in the last 10 years" to mean that he, in fact, has access to his bitcoin. Dkt. 7 at 5. Mr. Sullivan has no personal knowledge of Mr. Wright's access to bitcoin. And the statement

made to him in the August 26, 2019, interview appears to be little more than a boastful, off-the-cuff remark that is not likely to carry any probative value in the underlying litigation, particularly compared with statements Wright himself has made under oath. Plaintiffs further contend that Mr. Sullivan's article contains admissions by Wright that Dave Kleiman was his partner, that Dave invested in the partnership, and that Dave was entitled to 320,000 bitcoin. Dkt. 7 at 5. But these comments were made in the context of Sullivan asking Wright what the court ruled, not what Wright believes. For example, Sullivan began by asking "what does today's ruling actually mean for Bitcoin and crypto?" Wright answered: "The judge won't rule on whether I'm Satoshi. But the partnership is. So when Dave Kleiman passed, the partnership transferred to Ira." Later, Wright says, "And I'm the only surviving member of Satoshi? The judge ruled it was a partnership." Wright is thus repeating to Sullivan what the court ruled, not making admissions regarding the partnership. None of Wright's statements will hold any evidentiary weight that could possibly aid Plaintiffs in the underlying litigation. Therefore, they are not "of likely relevance to a significant issue in the case." *In re McCray*, 991 F. Supp. 2d at 469.

## II. The Information Contained in the Interview Is Reasonably Available from Other Available Sources.

Where the interview subject is the opposing party and is available to sit for a deposition, even journalists' recorded interviews are not reachable by subpoena.[1] *See In re McCray, Richardson, Santana, Wise, Salaam Litig.*, 991 F. Supp. 2d 464, 471 (S.D.N.Y. 2013) (quashing subpoena for film outtakes where the Plaintiffs are available for deposition, giving Defendants "the opportunity to pose questions concerning contradictions in the edited Film and elsewhere").

---

[1] Plaintiffs incorrectly state that Craig Wright "got on a video call" with Sullivan after leaving the courthouse. Dkt. 7 at 1. As stated in Sullivan's August 26, 2019 article, "Modern Consensus spoke to Wright by telephone." The screenshot of Wright on a video call at the top of the article notes that it was taken during a Skype call between Wright and Sullivan in 2018.

2

In *In re McCray*, the court held that defendants had no right to obtain a video interview with the plaintiffs because "Defendants [had] unfettered access to examine" plaintiffs in depositions. *Id.* Furthermore, the Court held that the video interviews defendants sought were "readily accessible" via the edited film. *Id.*

Plaintiffs miss the mark when they claim Wright is an unavailable source because he "refuses to admit making the statements." Dkt. 7 at 8. Wright has not *denied* making the statements in the interview. Rather, he has merely stated in the early stages of litigation, and in response to a request for admission, that it is "not possible for him to admit or deny each and every word attributed to him or that was said to him in a conversation . . . ." *Id.* Plaintiffs still have the full opportunity to depose Wright and ask not only whether he made each of the statements in the article but also ask probing questions as to the truth of each statement that will yield far more information than Sullivan can provide. Thus, Wright possesses the "best evidence" of his own statements, not Sullivan. *See* Dkt. 7 at 6.

In addition to Plaintiffs' ability to obtain the sought-after information directly from Defendant Craig Wright, Plaintiffs also may use the contents of the article as evidence, as the article is self-authenticating under Rule 902(6) of the Federal Rules of Evidence (newspapers and periodicals are self-authenticating) or, alternatively, is authenticated by Sullivan's declaration. *See* Dkt. 1-3 (Declaration). Furthermore, as raised in the Motion to Quash, the Florida reporter's privilege statute provides that journalists' business records "may be authenticated for admission in evidence upon a showing, by affidavit of the professional journalist, . . . [that the record] is a true and accurate copy of the original, and that the copy truly and accurately reflects the observations and facts contained therein." Fla. Stat. Ann. § 90.5015. While Plaintiffs argue "it's not clear that Florida statute has any effect in this case," (Dkt. 7 at 7), the Southern District of

3

Florida – the same jurisdiction in which this case is pending – has expressly held that the Florida statutory privilege "is substantive, not procedural, and that it applies with equal effect in this Court . . . ." *Carroll v. TheStreet.com, Inc.*, No. 11-CV-81173, 2014 WL 5474048, at *8 (S.D. Fla. Apr. 10, 2014) (citing Fed. R. Evid. 501 for the proposition that issue of privilege "shall be determined in accordance with State law"); *see also McCarty v. Bankers Ins. Co.*, 195 F.R.D. 39, 46 (N.D. Fla. 1998) (finding the Florida statute and common law reporter's privilege "are virtually indistinguishable").

Thus, Sullivan's declaration that the article "truly and accurately reflects the observations and facts contained in it" is sufficient to support the admission of the article into evidence. *See* Dkt. 1-3. Indeed, Plaintiffs have already filed the declaration with the Southern District of Florida Court in the underlying action. *See* Dkt. 9:18-cv-80176-BB, Dkt. 332 (December 16, 2019). For all of these reasons, Mr. Sullivan's motion to quash should be granted and the subpoena should be quashed.

In the alternative, the subpoena should be modified and limited to providing testimony only in answer to the single question as to whether the article at issue "truly and accurately reflects the observations and facts contained in it." Plaintiffs claim to have narrowed their request to only "deposition testimony from Mr. Sullivan that Craig made the statements attributed to him in the article" and a copy of any recording.[2] Dkt. 7 at 2. However, their Opposition makes clear that they seek testimony beyond that, including testimony to "help provide context and credibility" to the article and to inquire about "his general newsgathering practices." Dkt. 7 at 7. This is precisely the

---

[2] Plaintiffs accuse Sullivan of failing to mention that Plaintiffs offered to narrow the subpoena. Dkt. 7 at 2. However, Plaintiffs' counsel stated that their offer to narrow the subpoena was contingent on Sullivan agreeing to be deposed.

4

type of "unwarranted intrusion" the reporter's privilege is designed to protect against.[3] *See Lebowitz v. City of New York*, 948 F. Supp. 2d 392, 394 (S.D.N.Y. 2013).

For all of these reasons, Mr. Sullivan respectfully requests that the Court quash the subpoena in its entirety or, in the alternative, limits the scope of the deposition to the single question of the truth and accuracy of the contents of his article.

Date: December 18, 2019

Respectfully submitted,

/s/ Christine N. Walz
Christine N. Walz
HOLLAND & KNIGHT LLP
31 West 52nd Street, 12th Floor
New York, NY 10019
212-513-3200
212-385-9010 (fax)
christine.walz@hklaw.com

*S.D.Florida Counsel:*
Judith M. Mercier
200 South Orange Avenue, Suite 2600
Orlando, Florida 32801
(407) 244-5151
(407) 244-5288 (fax)
judy.mercier@hklaw.com
*Counsel for Non-Party Brendan J. Sullivan*

---

[3] Plaintiffs unfairly categorize Sullivan's statements on social media as "turn[ing] this process into a sideshow." Dkt. 7 at 6. Sullivan's posts reflect his concern of having to respond to what was initially an incredibly broad subpoena and to seek the aid and advice of others.