UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |  |
|---|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC, | ) ) ) ) ) | CASE NO. 2:20-cv-00593-BJR |
| Plaintiffs, | ) ) ) | ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA |
| v. | ) ) |  |
| CRAIG WRIGHT, | ) ) |  |
| Defendant. | ) ) |  |

Before the Court is Plaintiffs' motion to compel James "Jimmy" Nguyen to comply with two out-of-district, third-party subpoenas issued by the United States District Court for the Southern District of Florida. Dkt. No. 1 (motion to compel); Dkt. No. 1-5 (subpoena for production); Dkt. No. 1-5 (subpoena for deposition). The underlying case in the Southern District of Florida involves Plaintiffs' claims that Defendant Craig Wright misappropriated billions of dollars in bitcoin and intellectual property from Plaintiffs. Dkt. No. 1 at 3. Plaintiffs issued two subpoenas in early February 2020 seeking documents and a deposition from Mr. Nguyen.

1

Mr. Nguyen is a resident of Seattle and a licensed attorney. Plaintiffs attest that they have hired two separate process servers who conducted numerous attempts to serve Mr. Nguyen at his home to no avail. Dkt. No. 1 at 4; Dkt. No. 1-7 (Declaration of Attempted Service); Dkt. No. 12 at 6; Dkt. No. 13-8 (Declaration of Attempted Service); Dkt. No. 13-9 (Affidavit of Attempted Service). Plaintiffs also state that they have attempted to serve Mr. Nguyen via email, certified mail, and through Twitter. Dkt. No. 1 at 4–5; Dkt. No. 1-8 (Email); Dkt. No. 1-11 (Certified Mail); Dkt. No. 1-12 (Twitter). In total, Plaintiffs claim that they have attempted to serve Mr. Nguyen through various appropriate means over twenty times. *See* Dkt. No. 12 at 5. Plaintiffs conclude, based on their repeated failed attempts, that Mr. Nguyen is attempting to evade service. As such, Plaintiffs request that the Court either compel Mr. Nguyen to accept service or deem service sufficient. Dkt. No. 1 at 12–13. Further, they request that the Court require Mr. Nguyen to produce the requested documents within five (5) days of the Court's order and sit for a video-deposition within seven (7) days of the order. *Id.* This timing appears to be especially pressing as there is a May 1, 2020 evidentiary deadline in the underlying Southern District of Florida case.

Mr. Nguyen opposes Plaintiffs' motion, insisting that he has never been personally served with the subpoenas in question. Dkt. No. 8 at 4. Instead, he argues that Plaintiffs have not been diligent in their efforts to serve him or in pursuing a subpoena for his testimony so late in litigation. Mr. Nguyen claims that he has been traveling internationally on business through much of the time Plaintiffs were attempting to serve him. *See* Dkt. No. 9 (Declaration of Jimmy Nguyen). He also claims that Plaintiffs' alternate attempts at service were ineffective because he no longer uses one of the email addresses in question and the attempts via email and Twitter merely requested that he accept service, *i.e.*, "whether you are willing to accept service of the attached subpoenas," to which

2

he never responded. Dkt. No. 8 at 13. Since returning from abroad, Mr. Nguyen states that he has been "isolating in a safe and remote location" due to the COVID-19 pandemic, Dkt. No. 8 at 13, but Plaintiffs point out that, even since returning, Mr. Nguyen has stayed away from his home, not disclosed his address to effectuate service, and both his attorney and a woman at his home have refused to accept service on Mr. Nguyen's behalf, Dkt. No. 12 at 7.

Federal Rule of Civil Procedure 45 requires "delivering a copy [of the subpoena] to the named person." Fed. R. Civ. P. 45(b)(1). District Courts are split on whether this Rule requires "personal service of a subpoena or whether delivery via certified mail is sufficient." *Kantor v. Big Tip, Inc.*, No. 15-cv-01871, 2017 WL 2634207, at *1 (W.D. Wash. June 19, 2017). In this District, at least two esteemed judges, Judges Richard A. Jones and John C. Coughenour, have concluded that "[b]ecause the plain language of Rule 45 does not require personal service, such is not required." *Id.* at *1 (quoting *Tubar v. Clift*, No. 05-cv-1154, 2007 WL 214260, at *5 (W.D. Wash. Jan. 25, 2007)). The undersigned agrees with this conclusion but need not go so far as to resolve a court-split to find that Mr. Nguyen in this case, on this record, has been sufficiently served.

There is ample evidence in the record that Plaintiffs have continuously and diligently attempted to serve Mr. Nguyen at his known address and by alternative means reasonably designed to ensure Mr. Nguyen received copies of the subpoenas. Nowhere in his declaration does Mr. Nguyen deny that he has received copies of the subpoenas in question, nor does he provide legitimate grounds for the Court to conclude that certified delivery upon his home and known electronic accounts did not succeed in drawing the subpoenas to his attention. Further, as an attorney and officer of the Court, Mr. Nguyen has a special obligation to facilitate the Court and avoid obstructionism. *See Chambers v. Whirlpool Corp.*, No. 11-cv-1733, 2016 WL 9451361, at

3

*2-3 (C.D. Cal. Aug. 12, 2016) ("[T]he court is troubled by the objectors' unwillingness to accept service. This is especially the case with respect to Mr. Miller and Ms. Kress who, as officers of the court, should have agreed, at a minimum, to waive personal service on their own behalf."). The Court is especially troubled by Mr. Nguyen's replication of evasive tactics which another court already rejected in this case in relation to a different third-party subpoena. *See In re Subpoena to VaughnPerling*, No. 19-mc-00083, 2019 WL 8012372 (C.D. Cal. Dec. 2, 2019). Here too, the totality of the circumstances confirms that, despite his elusive behavior, Mr. Nguyen has been delivered a copy of the subpoenas.

Mr. Nguyen has not represented that it would be impossible for him to comply with the subpoenas within the timeframe requested. As such, the Court hereby orders Mr. Nguyen to produce the requested documents within five (5) days of this order and to sit for a video-deposition within seven (7) days of this order. The Court is mindful of the existing discovery deadline in this matter. If Mr. Nguyen is unable to comply within this timeframe, the parties should seek an extension of the underlying deadline from the Southern District of Florida. Without such an extension of an agreement by Plaintiffs, Mr. Nguyen shall comply with this order.

For the foregoing reasons, the Court hereby GRANTS Plaintiffs' motion to compel compliance with subpoena. Dkt. No. 1.

DATED this 24th day of April, 2020.

*Barbara J. Rothstein* (signature)

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

4